Mark H. Anania
Carissa L. Rodrigue
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Timothy J. Kelly
**McCARTER & ENGLISH, LLP**
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609-6863

*Attorneys for Plaintiff,*
*HALO FARM, INC.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALO FARM, INC., | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| EDEN CREAMERY LLC, | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND LOCAL RULE 11.2 CERTIFICATION** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, HALO FARM, INC. (hereinafter "Halo Farm") by its undersigned attorneys,

herein complains of Defendant EDEN CREAMERY LLC d/b/a HALO TOP CREAMERY

(hereinafter "Defendant"), and alleges as follows:

ME1 24613209v.1

**Nature of the Action**

1.       This is an action for trademark infringement and unfair competition under Federal and state law, and for dilution under state law, arising out of the distribution and sale by Defendant of ice cream under a name that is confusingly similar to the name long used by Halo Farm for its ice cream, dairy, and related products.  Halo Farm's claims are based on Sections 32-36, and 43(a) of the Lanham Act (15 U.S.C. §§1114 - 1118, and 1125(a)), on the statutory laws of the State of New Jersey relating to trademark infringement, dilution, and false designation of origin (N.J. Rev. Stat. §56:3-13.16, §56:3-13.20, and §56:8-2), and on New Jersey state common law relating to trademark infringement and unfair competition.

**The Parties**

2.       Plaintiff, Halo Farm, is a corporation organized and existing under the laws of the State of Jersey, with a principal place of business at 970 Spruce Street, Trenton, New Jersey 08638.  Continuously since 1975 and currently to this day, Halo Farm has operated a dairy in the Trenton, New Jersey area where it manufactures, packages, and offers for sale a variety of dairy products and juices, which products are offered for sale and sold by Halo Farm under its family of HALO trademarks, including the federally registered trademark HALO FARM®.  Of particular relevance here, among the many products sold by Halo Farm under the HALO FARM® trademark is an ice cream product offered in nearly 50 flavors.  Photos of one of Halo Farm's HALO FARM®-branded ice cream products are included as Exhibit 1 hereto.

3.       On information and belief, Defendant Eden Creamery LLC is a limited liability company organized and existing under the laws of the state of California, and does business under the name "Halo Top Creamery".  Defendant maintains a principal place of business at 1348 N. Sierra Bonita Avenue, Los Angeles, California 90046.  Upon further

information and belief, Defendant manufactures, distributes, and/or sells ice cream under the name "Halo Top".  Upon further information and belief, Defendant's "Halo Top" products have recently begun appearing for sale in retail stores in New Jersey, including in the Trenton area. *See, e.g.,* Exhibit 2, showing a photo of one of Defendant's "Halo Top" products recently purchased at a Shop Rite in New Jersey.

## Jurisdiction

4.      Jurisdiction in this Court and in the subject matter of this action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.*; 28 U.S.C. §§ 1331, 1332 and 1338; and under the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367.

5.      Venue is appropriate in this Court under 28 U.S.C. § 1391 (b) and (c) in that the events giving rise to this action occurred in this judicial district.  More particularly, Defendant is doing business within this judicial district by distributing the accused "Halo Top" ice cream products in this district, and/or selling such products to one or more retail or wholesale customers with knowledge that such products will be sold in this district.

## Background Facts

### A.      *Halo Farm and Its Products*

6.      Plaintiff Halo Farm, Inc. is legendary in Trenton, the surrounding area, and beyond, having operated a dairy in the Trenton area under the name "Halo Farm" for more than 40 years.  Halo Farm was the creation of Jeremiah Reilly, a former Broadway-caliber dancer, veteran, and businessman with an innovative streak and an entrepreneurial drive.  Jerry

opened Halo Farm's doors in 1975 and the business has thrived ever since, serving nearly 4 million patrons in the past four years alone with milk, butter, eggs, fruit drinks, bread, iced tea, and ice cream under a family of HALO trademarks.

7.     Halo Farm's HALO-branded products are unique in that they are of the highest quality and are made, on premises, from the freshest ingredients.  For example, the company's line of HALO-branded milk is brought in from nearby Pennsylvania dairy farms several days a week and packaged on site.  Since about 1980, Halo Farm has been successfully turning much of its fresh cream into a super-premium HALO FARM® ice cream, currently offered in nearly 50 flavors.

8.     In 1992, Jerry expanded his business's footprint and opened the first "HALO PUB" in Princeton.  Thereafter, in 1994, he opened another in Hamilton, New Jersey. Both HALO PUBS offer HALO FARM® ice cream for on-site consumption and retail sale.  In 2005, he opened HALO FÊTE in Princeton, where Halo Farm offers a line of specialty desserts made with HALO FARM® ice cream.  Photos of the Princeton HALO PUB and of HALO FÊTE are attached hereto as Exhibit 3.  The HALO PUBS serve hundreds of thousands of customers annually.

9.     Over the years, Halo Farm's HALO product line has continued to expand. At present, in addition to HALO FARM® ice cream, Halo Farm offers a line of fruit drinks under the name HALO Aāde (orange, grape, lemon, fruit punch), an iced tea under the name HALO Tea, a line of HALO milks – HALO Rich, HALO VitD, HALO Plus, HALO Lite, HALO Skim, HALO Ease (lactose reduced), HALO Choc, and HALO Nog, and a line of HALO juices (orange, apple, grapefruit) sold under the name HALO Pure.  Representative images of some of these many HALO-branded products are attached hereto as Exhibit 4.  These aforementioned

HALO trademarks (together with the Federal trademark registrations identified *infra*) are collectively hereinafter referred to as the "HALO Trademarks".

10.     Since opening in 1975, Halo Farm has sold many tens of millions of dollars worth of ice cream, dairy products, and drinks under its HALO Trademarks.  Halo Farm store sales alone have totaled in excess of $6 million dollars in each of the past 5 years.  Sales at the HALO PUBS and HALO FÊTE have exceeded $5 million since 2012.

11.     In addition, Halo Farm has spent many hundreds of thousands of dollars advertising and promoting its HALO Trademarks and the products sold under those trademarks in interstate commerce.  This advertising has included weekly newspaper ads, as well as roadside billboards.  Some examples of the advertising and promotion used over the years by Halo Farm is reflected in Exhibit 5.  As reflected in Exhibit 5, Halo Farm has long invested in billboards featuring the Halo Farm name and, in some cases, images of HALO-branded products.  The current billboard is visible on the northbound side of Route One – where it entices travelers by the thousands as they drive through Trenton from Pennsylvania every day.  Halo Farm also donates tens of thousands of dollars of HALO-branded products annually, and has traditionally been a significant financial supporter of Paul Newman's "Hole In The Wall Gang" children's camp.

12.     By virtue of Halo Farm's aforesaid advertising, promotion, and sales, Halo Farm has developed secondary meaning and has acquired valid and enforceable trademark rights in its distinctive family of HALO Trademarks, and Halo Farm's HALO Trademarks have come to represent an extremely valuable goodwill, which is owned by Halo Farm. Further, as a result of the foregoing long-term use, sales, advertising, and promotion, the distinctive HALO

Trademarks have become famous and exclusively associated with Halo Farm, and Halo Farm has acquired an eminent reputation and valuable goodwill in them.

13.     In addition to Halo Farm's common law rights in its HALO Trademarks, Halo Farm is also the owner of several Federal Registrations. These registrations include, among others, Registration No. 3,649,509 for the mark HALO FARM (incontestable) for, *inter alia*, ice cream; Registration No. 3,611,369 for the mark HALO FARM (incontestable), for use in connection with "retail store services featuring dairy products, fruit juices and drinks, iced tea, ice cream and bread"; and Registration No. 3,611,370 for the mark HALO FARM (incontestable) for use in connection with milk and butter. The aforementioned registrations also comprise the "HALO Trademarks."  Copies of aforementioned registrations are attached hereto as Exhibit 6.

14.     As a result of the high-quality nature of the products sold under the HALO Trademarks, as a result of the decades-worth of advertising and promotion for such products, and as a testament to their popularity, Halo Farm's HALO-branded products, including its ice cream, have been the subject of much critical acclaim and public praise.  For example, Halo Farm's HALO PUB has been named one of the top ice cream parlors in New Jersey.  *See*, *e.g.*, Exhibit 7. Similarly, customer praise from across the United States can be found on such websites as Trip Advisor (customer reviews from South Carolina and Connecticut), and Yelp (customer reviews from New Jersey, Pennsylvania, New York, Texas, and Nevada).  *See* Exhibit 8.

15.     As a result of all of the foregoing, the distinctive HALO Trademarks and the products and services offered under those marks have come to be associated in the minds of consumers with a single source, namely Halo Farm.  Indeed, as a result of the foregoing, the

HALO Trademarks have become famous (at least within the state of New Jersey, if not beyond) and such fame predates the activities of Defendant complained of herein.

### B.    *Defendant And Its Infringing Activities*

16.    On information and belief, Defendant has relatively recently – and thus decades after plaintiff's HALO-branded products were introduced and had become legendary and famous – adopted and begun offering for sale (either itself or through local wholesalers or distributors) ice cream products under the name "Halo Top".

17.    On information and belief, Defendant's "Halo Top" ice cream products are presently being advertised, promoted, offered for sale, distributed, and sold in the United States, and specifically in this judicial district.  As noted above, color images of one of Defendant's "Halo Top" products are attached hereto as Exhibit 2.

18.    Defendant's "Halo Top" product, by its nature, is directed to the very same consumers to whom Halo Farm has marketed and sold its ice cream products for decades, namely those looking for a frozen dessert to, among other things, finish off a meal, enjoy on a hot day, celebrate a birthday, serve as a focal point for a family outing, or simply to indulge. Moreover, on information and belief, Defendant's products have recently begun appearing in stores in and around the Trenton area such that the products are competing directly with Halo Farm for sales of ice cream and dairy products.  As such, Defendant's products move in channels of trade that are the same as, overlapping, or, at a minimum, similar to the channels of trade through which Halo Farm's HALO FARM® ice cream and other HALO-branded products are sold.  Indeed, on further information and belief, Defendant's distribution in the New Jersey/Pennsylvania area has very recently increased substantially and has begun to overwhelm Halo Farm's HALO-branded products the marketplace.

19.     On information and belief, Defendant's "Halo Top" ice cream products are alleged to be low in calories and fat, and high in protein (as compared to "regular" ice cream and, indeed, as compared to Halo Farm's HALO FARM® ice cream products), at least in part due to the use of the sweetener Stevia and the sugar alcohol "Erythritol".  Defendant's products also contain something called "prebiotic fiber".  None of these ingredients are found in HALO FARM® ice cream.  On information and belief, Stevia has been linked to allergic reactions, stomach irritation, bloating, and, in some cases, adverse drug interactions.  On further information and belief, Erythritol has been reported to give rise to gas, bloating, and diarrhea in some people who consume it.  On further information and belief, "prebiotic fiber" has also been known to give rise to flatulence, abdominal bloating, and discomfort.  Further still, on information and belief, although the "Halo Top" ice cream products may technically qualify as ice cream due to their milk solids content, they have a mouth feel and texture that is dissatisfying to many ice cream eaters and that turns them off to the product altogether.

20.     The name "Halo Top" as used by Defendant on its directly competitive ice cream products, creates a commercial impression that is the same as, or, at a minimum, is confusingly similar to, Halo Farm's HALO Trademarks, including, without limitation, its federally registered HALO FARM® trademarks.  Indeed, Halo Farm believes that the use of the term "Halo" by Defendant is a direct attempt to trade on the goodwill associated with the HALO Trademarks and to, for example, confuse consumers into believing that the "Halo Top" products are the new, "healthy" or "diet" offerings from Halo Farm.  The packaging for the Defendant's product furthers this effort by using a gold top reminiscent of the gold halo that appears above the picture of the ice cream cone on all HALO FARM® ice cream pints (compare Exhibits 1 and 2).  Further, Defendant apparently tries to tie its package graphics to those used by Halo Farm by

including a scoop of ice cream on the principal display panel that is also reminiscent of the ice cream pictured on the principal display panels used by Halo Farm.

21.     On information and belief, the use by Defendant of the confusingly similar and deceptive name "Halo Top" for ice cream products has already given rise to actual consumer confusion in the marketplace.  By way of example, Halo Farm representatives have received comments from persons looking for Defendant's products at the Halo Farm store, and questioning whether Defendant's products being offered in local stores were Halo Farm ice cream products.  Halo Farm has also uncovered evidence of such confusion on social media. *See*, *e.g.*, Exhibit 9 (Twitter posts to Halo Farm's Twitter account evidencing confusion; a Facebook post on the *Halo Top* Facebook page asking whether the Halo Top product "is part of Halo Farm or Halo Pub-Hamilton?").  To the extent a consumer encountering the Defendant's products are deceived, for example by thinking such products come from, are authorized by, or are somehow affiliated with or related to Halo Farm as a result of the name, an unsatisfying experience with Defendant's product – perhaps because of inferior taste or mouth feel, or worse, because of bloating, abdominal discomfort, flatulence, an allergic reaction, or diarrhea – is going to, *inter alia*, reflect badly upon Halo Farm, thereby damaging its reputation and the goodwill associated with the family of HALO Trademarks.

22.     There is no legitimate competitive need for Defendant to have adopted a name that incorporates the primary source-identifying element of Halo Farm's HALO Trademarks.  Rather, such copying is nothing more than Defendant's unfair attempt to trade upon the goodwill associated with Halo Farm's products by confusing consumers as to the source, origin, or sponsorship of Defendant's competing ice cream products.

23.     On information and belief, Defendant's use of the name "Halo Top" has caused and will continue to cause harm to Halo Farm in that such name is likely to cause consumers to be confused as to the source, origin, or sponsorship of Defendant's product.  Such name and actions by Defendant have caused, and are likely to continue to cause, consumers to believe that Halo Farm is the manufacturer or distributor of the "Halo Top" ice cream products, that such products are distributed with Halo Farm's permission or approval, that Halo Farm is somehow associated with Defendant, or even that Halo Farm's ice cream products emanate from Defendant.

24.     Defendant's use of the "Halo Top" name – a name that incorporates the key source-identifying element of the HALO Trademarks and is thus substantially the same in commercial impression, appearance, and sound to Halo Farm's HALO Trademarks – implies falsely, deceptively, and confusingly that the "Halo Top" products are in some way associated with, licensed by, or are otherwise authorized or sponsored by Halo Farm, that Defendant and Halo Farm are in some way affiliated or associated, or even that Halo Farm's ice cream products emanate from Defendant.

25.     On information and belief, Defendant was aware of Halo Farm's HALO Trademarks and the valuable goodwill associated with them, before Defendant adopted its infringing trademark, at a minimum in view of the fact that Halo Farm owns incontestable federal trademark registrations for the HALO FARM® name.

26.     On information and belief, Defendant deliberately embarked upon a course of conduct which is deceptive and illegal and which has for its purpose and effect to compete unfairly with Halo Farm in the sale of ice cream products and to divert sales from Halo Farm.

-10-

27.     Defendant's use of the infringing name "Halo Top" is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's products, as well as injury to the business reputation of Halo Farm, in that the public and the trade are likely to believe that Defendant's products originate with Halo Farm, that Defendant or its products or are somehow affiliated or associated with Halo Farm, or even that Halo Farm's ice cream products emanate from Defendant.

28.     Halo Farm has never in any way authorized, licensed, or consented to Defendant's use of Halo Farm's distinctive, famous, and valuable HALO Trademarks and/or any variation thereof.

29.     On information and belief, Defendant's use of the name "Halo Top" has resulted in, and continues to result in, irreparable damage to Halo Farm for which there is no adequate remedy at law.  Unless permanently enjoined, Defendant is and will continue to distribute its "Halo Top" line of products, thereby overwhelming Halo Farm and its HALO-branded products, causing Halo Farm to lose control of its brand, and otherwise resulting in substantial, irreparable harm to Halo Farm and the goodwill appurtenant to its HALO Trademarks.

**First Cause of Action --
Trademark Infringement**

30.     This is a claim for trademark infringement arising under the trademark laws of the United States, Lanham Act Section 32 (15 U.S.C. § 1114), for Defendant's unauthorized use of a colorable and confusingly similar imitation of Halo Farm's federally registered HALO FARM® trademarks.  Jurisdiction is founded upon 28 U.S.C. § 1331, § 1332, and § 1338 (a) and (b).

31.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein in their entirety.

32.     Defendant's use of the name "Halo Top" on and in connection with the distribution and sale of ice cream is likely to cause confusion in the minds of the public, and is likely to cause mistake or to deceive purchasers into the erroneous belief that the Defendant's product is the Halo Farm product, that Defendant's "Halo Top" product is authorized, associated, or sponsored by Halo Farm, that Defendant is in some way affiliated or connected with Halo Farm, or even that Halo Farm's ice cream products emanate from Defendant.

33.     The acts and conduct of Defendant as set forth herein began well after Halo Farm began using its HALO Trademarks, and well after the registration of the HALO FARM® trademarks.  Defendant had actual and constructive knowledge of Halo Farm's rights in said trademarks.

34.     Defendant's products are directed to the same consumers as are the HALO-branded products of Halo Farm, and Defendant's products are distributed and sold through channels of trade that are the same as or similar to the channels of trade through which Halo Farm's HALO-branded products are sold.  The aforesaid conduct of Defendant has been without leave, license, or permission of Halo Farm.

35.     The use by Defendant of the "Halo Top" name trades on the goodwill that Halo Farm has developed in its HALO Trademarks, including the registered HALO FARM® trademarks, and Defendant's use damages the rights of Halo Farm in said trademarks and the goodwill represented thereby.

36.     The acts and conduct of Defendant complained of herein constitute infringement of Halo Farm's HALO Trademarks, including the registered HALO FARM® trademarks, in violation of 15 U.S.C. § 1114.

37.     As a result of Defendant's actions as alleged herein, Halo Farm has lost profits and Defendant has been unjustly enriched.

38.     The conduct of Defendant as herein alleged will, unless enjoined, further impair or destroy the value of Halo Farm's goodwill and registered trademarks.

39.     As a result of the foregoing acts, Defendant has engaged in willful violations of 15 U.S.C. § 1114 and is liable to Halo Farm for treble damages.  The Defendant's acts have caused and will continue to cause irreparable injury to Halo Farm's business if Defendant is not restrained by this Court from further violations of Halo Farm's rights.

40.     Halo Farm has no adequate remedy at law.


**Second Cause of Action --**
**Unfair Competition and False Designation of Origin**

41.     This is a claim for unfair competition arising under the Trademark Laws of the United States, Lanham Act Section 43(a) (15 U.S.C. § 1125(a)), for Defendant's intentional unauthorized use in commerce of a trademark that is a confusingly similar imitation of the HALO Trademarks owned and used by Plaintiff for its ice cream and dairy products and its ice cream parlor services. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1332, and § 1338 (a) and (b).

42.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29 and 31-40 of this Complaint with the same force and effect as if set forth herein in their entirety.

-13-

43.     Defendant's adoption, use, advertising and promotion of ice cream products under a trademark that is confusingly similar to the HALO Trademarks, which products are sold to same consumers and through the same, similar, and/or overlapping channels of trade, is likely to cause confusion, deception, or mistake, as members of the trade and purchasing public are likely to mistakenly believe that Defendant is somehow connected or affiliated with Halo Farm, and/or that Defendant's "Halo Top" product being distributed and sold by Defendant under the infringing "Halo Top" name *is* the HALO FARM® product, or is a product produced by, associated with, or in some way approved or sponsored by Halo Farm.

44.     Defendant is not authorized or licensed by Halo Farm to use the "Halo Top" name.

45.     The aforesaid acts of Defendant constitute the unauthorized use in commerce of a symbol, device, and combination thereof that is likely to cause confusion, or to cause mistake, or to deceive.

46.     The aforesaid acts of Defendant further constitute the use in commerce of a false designation of origin, or false representation of fact that is likely to cause confusion, or to cause mistake, or to deceive.

47.     The aforesaid acts of Defendant further constitute the use in commerce of a symbol, device or combination thereof, and the use in commerce of a false designation of origin or false representation, which misrepresents the nature, characteristics and quality of Defendant's ice cream products.

48.     Defendant's aforesaid acts constitute a willful and deliberate violation of 15 U.S.C. § 1125(a).

ME1 24613209v.1

49.     The use by Defendant of the accused "Halo Top" name trades upon the goodwill which Halo Farm has developed in its HALO Trademarks and such use damages the rights of Halo Farm in said trademarks and the goodwill represented thereby.

50.     As a result of Defendant's actions as alleged herein, Halo Farm has lost profits and Defendant has been unjustly enriched.

51.     Unless Defendant is enjoined and restrained from continuing its wrongful acts, the irreparable damage to Halo Farm and to the value of Halo Farm's HALO Trademarks, including its registered HALO FARM® trademarks, will continue.

52.     Halo Farm has no adequate remedy at law.

### Third Cause of Action -- \n Trademark Infringement Under N.J. Stat. Ann. § 56:3-13.16

53.     This is a claim for trademark infringement arising under N.J. Stat. Ann. § 56:3-13.16.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim because it and the facts that give rise to it are so related to the other claims in this action that are within the original jurisdiction of this Court, that this claim forms part of the same case or controversy.

54.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29, 31-40, and 42-52 of this Complaint with the same force and effect as if set forth herein in their entirety.

55.     Defendant's use of the infringing "Halo Top" trademark in connection with the offering for sale and sale of ice cream products in this judicial district and elsewhere has caused or is likely to cause confusion, mistake and/or deception as to the source or origin, sponsorship, or approval of Defendant and/or the ice cream products sold under the "Halo Top"

-15-

name in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe that Defendant is associated with or related to Halo Farm, that Defendant is authorized by Halo Farm to offer the "Halo Top" ice cream product, that Defendant and its "Halo Top" products are otherwise affiliated with or sponsored by Halo Farm, or even that Halo Farm's ice cream products emanate from Defendant.

56.     Use of the infringing "Halo Top" name by Defendant in connection with the advertising, promotion, offering for sale, and sale of ice cream products is not authorized by Halo Farm.

57.     Defendant's acts injure Halo Farm's image and reputation with consumers in this District and elsewhere in the United States by, *inter alia*, creating confusion about, and potential consumer dissatisfaction with, Halo Farm, its HALO Trademarks, and/or its HALO-branded ice cream and dairy products.

58.     Defendant's acts alleged herein constitute trademark infringement of the HALO Trademarks in violation of N.J. Stat. Ann. § 56:3-13.16.

59.     Defendant's acts alleged herein have caused and, if allowed to continue, will continue to cause Halo Farm to suffer substantial irreparable damage and injury.  Halo Farm has no adequate remedy at law.

60.     As a result of the foregoing, Halo Farm has lost profits, and Defendant has been unjustly enriched.

### Fourth Cause of Action -- ### False Designation of Origin Under N.J. Stat. Ann. § 56:8-2

61.     This is a claim for false designation of origin arising under N.J. Stat. Ann. § 56:8-2.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim

because it and the facts that give rise to it are so related to the other claims in this action that are within the original jurisdiction of this Court, that this claim forms part of the same case or controversy.

62.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29, 31-40, 42-52, and 54-60 of this Complaint with the same force and effect as if set forth herein in their entirety.

63.     Defendant's use of the infringing "Halo Top" name in connection with the distribution and sale of ice cream products has caused or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Halo Farm, and/or as to the source, sponsorship, or approval of Defendant or its "Halo Top" ice cream products, in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe that Defendant is associated with or related to Halo Farm, that Defendant has been authorized by Halo Farm to provide the "Halo Top" ice cream products, and/or that Defendant and its "Halo Top" ice cream products are otherwise affiliated with or sponsored by Halo Farm.

64.     Further, Defendant's advertising and promotion of its ice cream products under the infringing "Halo Top" name falsely designates the source of these products in a manner that is likely to cause confusion, mistake or deception among consumers as to their origin, sponsorship, or approval.

65.     Defendant's acts constitute false designation of origin in violation of N.J. Stat. Ann. § 56:8-2.

66.     Defendant's acts alleged herein have caused and, if allowed to continue, will continue to cause Halo Farm to suffer substantial irreparable damage and injury.  Halo Farm has no adequate remedy at law.

67.     As a result of the foregoing, Halo Farm has lost profits, and Defendant has been unjustly enriched.

### Fifth Cause of Action --
### State Trademark Dilution Under N.J. Stat. Ann. § 56:13-20

68.     This is a claim for trademark dilution arising under N.J. Stat. Ann. §56:13-20.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim because it and the facts that give rise to it are so related to the other claims in this action that are within the original jurisdiction of this Court, that this claim forms part of the same case or controversy.

69.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29, 31-40, 42-52, 54-60, and 62-67 of this Complaint with the same force and effect as if set forth herein in their entirety.

70.     Defendant's conduct and acts alleged above are likely to cause dilution of the distinctive quality of Halo Farm's valuable and famous HALO Trademarks.  In addition, Defendant's conduct and acts alleged above are likely to injure Halo Farm's business reputation and such injury will continue unless such acts are enjoined by this Court.

71.     Halo Farm has been irreparably injured by the Defendant's aforesaid acts and has no adequate remedy at law.

### Sixth Cause of Action --
### Trademark Infringement Under New Jersey Common Law

72.     This is a claim for common law trademark infringement arising under the common law of the State of New Jersey.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim because it and the facts that give rise to it are so related to the

ME1 24613209v.1

other claims in this action that are within the original jurisdiction of this Court, that this claim forms part of the same case or controversy.

73.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29, 31-40, 42-52, 54-60, 62-67, and 69-71 of this Complaint with the same force and effect as if set forth herein in their entirety.

74.     Defendant's acts are likely to confuse and deceive the public into believing that the ice cream products advertised, promoted, offered for sale, distributed, and sold by it under the name "Halo Top" either is Halo Farm's HALO FARM® ice cream, that such products are approved by or sponsored by, and/or that Defendant or its products are somehow associated or affiliated with Halo Farm.

75.     Defendant, by its acts complained of herein, has competed unfairly with Halo Farm, and has otherwise used the valuable reputation and goodwill of Halo Farm and the HALO Trademarks in order to promote, and unfairly benefit from, the sale of the "Halo Top" products.  Defendant is unfairly benefiting from the goodwill in the HALO Trademarks, and reaping benefits from the fruits of Halo Farm's efforts and considerable investment.

76.     As a direct and proximate result of Defendant's aforesaid activities, Halo Farm has suffered irreparable damage, and unless Defendant is restrained from continuing its wrongful acts, the damage to Halo Farm will continue.

77.     As a result of the foregoing, Halo Farm has lost profits, and Defendant has been unjustly enriched.

78.     Defendant's aforesaid acts constitute trademark infringement at common law.

79.     Halo Farm has no adequate remedy at law.

ME1 24613209v.1

**Seventh Cause of Action --**
**Unfair Competition and False Designation of Origin Under New Jersey Common Law**

80.     This is a claim for unfair competition and false designation of origin under New Jersey Common Law.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim because it and the facts that give rise to it are so related to the other claims in this action that are within the original jurisdiction of this Court, that this claim forms part of the same case or controversy.

81.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29, 31-40, 42-52, 54-60, 62-67, 69-71, and 73-79 of this Complaint with the same force and effect as if set forth here in their entirety.

82.     Defendant's use of the infringing "Halo Top" name in connection with the offering for sale, distribution, and sale of ice cream products has caused or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Halo Farm, and/or as to the source, sponsorship, or approval of Defendant or its "Halo Top" ice cream products, in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe that Defendant is associated with or related to Halo Farm, that Defendant is authorized to provide ice cream products under the confusingly similar "Halo Top" name, and/or that Defendant and its "Halo Top" ice cream products are otherwise affiliated with or sponsored by Halo Farm.

83.     Further, Defendant's advertising and promotion of its "Halo Top" ice cream products falsely designates the source of these goods and services in a manner that is likely to cause confusion, mistake or deception among consumers as to the origin, sponsorship, or approval of these goods and services.

ME1 24613209v.1

84.     Defendant's acts alleged herein constitute unfair competition and false designation of origin in violation of New Jersey common law.

85.     Defendant's acts alleged herein have caused and, if allowed to continue, will continue to cause Halo Farm to suffer substantial irreparable damage and injury.  Halo Farm has no adequate remedy at law.

86.     As a result of the foregoing, Halo Farm has lost profits, and Defendant has been unjustly enriched.

## Eighth Cause of Action --
## <u>Cancellation of Registration No. 5,081,441</u>

87.     This is a request for an Order directing the Commissioner of Trademarks to cancel United States Trademark Registration No. 5,081,441 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim because it and the facts that give rise to it are so related to the other claims in this action that are within the original jurisdiction of this Court, that this claim forms part of the same case or controversy.

88.     Halo Farm incorporates by reference the allegations set forth in paragraphs 1-29, 31-40, 42-52, 54-60, 62-67, 69-71, 73-79, and 81-86 of this Complaint with the same force and effect as if set forth herein in their entirety.

89.     As described herein, the use by Defendant of the name "Halo Top" for ice cream products (and for the online retail sale and ordering of such products) is likely to cause consumers to mistakenly believe that the ice cream products and related services offered under that name either *are* Halo Farm's HALO FARM® products, that the "Halo Top" products are

authorized, associated or sponsored by Halo Farm, and/or that Defendant is in some way affiliated with or connected to Halo Farm.

90.     Accordingly, the "Halo Top" name is not registrable under Lanham Act Section 2(d) (15 U.S.C. 1052(d)), and thus should not have been registered on the Principal Register.

91.     Defendant's registration of the name "Halo Top" for "ice cream" in International Class 30, and "online retail store services featuring ice cream; online ordering services featuring ice cream" in International Class 35, inappropriately gives Defendant a presumption of certain rights in a name that is confusingly similar to the HALO Trademarks, including the Federally registered and incontestable HALO FARM® trademarks, to the detriment of Halo Farm

92.     As a result of the foregoing, Registration No. 5,081,441 in the name of Eden Creamery LLC should be cancelled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court:

1.     Grant preliminary and permanent injunctive relief restraining and enjoining Defendant, its subsidiaries, parent(s), related companies, officers, agents, employees, warehousemen, warehousers, distributors, and all others in privity, concert or participation with it or on its behalf, against further acts of trademark infringement and unfair competition by it in the use or sale of any product bearing the name "Halo Top" or any other name that is confusingly similar to Plaintiff Halo Farm's HALO Trademarks in connection with ice cream or other dairy products, and particularly from, in any manner, directly or indirectly:

a.    using the name "Halo Top" as a product name, as part of a business name or alias, or otherwise;

b.    substantially imitating or making unauthorized use of any of the HALO Trademarks owned by Halo Farm (including those shown in United States Trademark Registration Nos. 3,649,509, 3,611,369, 3,611,370, and 1,404,272), or any colorable imitation thereof;

c.    distributing, importing, circulating, selling, offering for sale, moving or otherwise disposing of, any product, including but not limited to all products sold under the name "Halo Top" (as depicted, by way of example, in Exhibit 2 hereto), bearing any simulation, reproduction, counterfeit, copy, colorable or confusingly similar imitation of Halo Farm's HALO Trademarks, including the trademarks shown in Registration Nos. 3,649,509, 3,611,369, 3,611,370, and 1,404,272;

d.    using any false designation of origin or false description (including, without limitation, any colors, graphics, letters or symbols) that can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, imported, advertised, distributed and/or sold by or through Defendant is in any manner associated or connected with Halo Farm, or is sold, licensed, sponsored, approved or authorized by Halo Farm;

-23-

   e.  engaging in any other activity constituting an infringement of Halo Farm's distinctive HALO Trademarks (including the trademarks shown in Registration Nos. 3,649,509, 3,611,369, 3,611,370, and 1,404,272), and/or Halo Farm's rights in or to use or to exploit the same;

   f.  using, displaying or otherwise disposing of the "Halo Top" products or any documents (including, without limitation, written, printed, or electronic documents) relating or pertaining to the marketing, advertising, promotion, distribution, or sales of said products;

   g.  unfairly competing with Halo Farm including by, without limitation, using the name "Halo Top Creamery" as a business name or alias; and

   h.  assisting, aiding or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs (i) through (g) above.

2. Find that Defendant has infringed Halo Farm's trademark Registration Nos. 3,649,509, 3,611,369, 3,611,370, and 1,404,272, and its common law HALO Trademarks, by the acts complained of herein and that said acts will damage, dilute, and diminish the distinctiveness of the HALO Trademarks, unless Defendant is enjoined by this Court.

3. Find that Defendant has unfairly competed with Halo Farm by the acts complained of herein.

4.      Grant an order requiring Defendant to recall from all retailers, distributors and wholesalers, all products, packaging, promotional, and advertising material of any kind bearing the name "Halo Top" and any/or other colorable imitation of Halo Farm's HALO Trademarks.

5.      Grant an order requiring Defendant to deliver up for destruction all products, packaging, promotional, and advertising material of any kind bearing the "Halo Top" name and any/or other name that is a colorable imitation of any of Halo Farm's HALO Trademarks.  Such order shall include, without limitation, the products, packaging, promotional, and advertising material recalled pursuant to the foregoing paragraph 4.

6.      Award to Halo Farm all of Defendant's profits resulting from Defendant's infringing activity; and further award to Halo Farm increased damages as permitted by statute as a result of Defendant's willful infringement and unfair competition.

7.      Award to Halo Farm its attorney's fees and costs.

8.      Issue an Order directing the Commissioner of Trademarks to cancel Registration No. 5,081,441.

9.      Grant to Halo Farm such other further relief as the Court may deem just and proper in the circumstances.

ME1 24613209v.1

## JURY TRIAL DEMANDED

Plaintiff Halo Farm, Inc. hereby demands a trial by jury on all issues and claims alleged herein that are triable to a jury.

Date:  April 13, 2017                    Respectfully submitted,


                                         s/ Mark H. Anania
                                         Mark H. Anania
                                         Carissa L. Rodrigue
                                         **McCARTER & ENGLISH, LLP**
                                         Four Gateway Center
                                         100 Mulberry Street
                                         Newark, New Jersey 07102
                                         (973) 622-4444

                                         Timothy J. Kelly
                                         **McCARTER & ENGLISH, LLP**
                                         245 Park Avenue, 27th Floor
                                         New Jersey, New Jersey 10167
                                         (212) 609-6863

                                         *Attorneys for Plaintiff, HALO FARM, INC.*

## LOCAL CIV. R. 11.2 CERTIFICATION

The matter in controversy in this action is not the subject of any other pending action or proceeding.

Date:  April 13, 2017

> s/ Mark H. Anania
> Mark H. Anania
> Carissa L. Rodrigue
> **McCARTER & ENGLISH, LLP**
> Four Gateway Center
> 100 Mulberry Street
> Newark, New Jersey 07102
> (973) 622-4444
>
> *Attorneys for Plaintiff, HALO FARM, INC.*

-27-